**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Peter Gakuba

      v.                                      Civil No. 26-cv-341-JL-AJ

New Hampshire Attorney General

## REPORT AND RECOMMENDATION

Peter Gakuba has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1), challenging his convictions for sex crimes in state court in Illinois.  The matter is before this court for preliminary review under Rule 4 of the Rules Governing § 2254 Cases ("§ 2254 Rules") and LR 4.3(d)(4).

### § 2254 Rule 4 Review Standard

Pursuant to § 2254 Rule 4, a judge must promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Id.  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  The court construes Gakuba's pleadings liberally, in light of his pro se status.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

### Background

Petitioner has been an active federal court litigant in the years following his state conviction.  He litigated a petition for a writ of habeas corpus under § 2254 in the United States District Court for the Northern District of Illinois, challenging the same set of state convictions. That court denied relief on the merits.  See Gakuba v. Brannon, No. 17 C 50337, 2018 WL 10127255 (N.D. Ill. Oct. 24, 2018).  Then, the Seventh Circuit denied Gakuba's request to file a

successive petition.  See Gakuba v. Jeffreys, No. 22-3039, 2022 WL 18863593, at *1 (7th Cir. Nov. 21, 2022).

> Gakuba was undeterred by his unsuccessful attempts to collaterally attack his conviction in Illinois and turned to other jurisdictions.  He filed no fewer than ten petitions for federal habeas corpus relief in seven separate federal district courts.  All were transferred or dismissed as successive.

Gakuba v. Md. Att'y Gen.'s Off., No. 25-cv-415, 2025 WL 2940726, at *1 (D. Md. Sept. 24, 2025) (collecting cases).  The Petition before this court challenges the validity of the same convictions addressed in Petitioner's first-in-time § 2254 petition.

## **Discussion**

"A second-in-time § 2254 petition generally qualifies as a second or successive application, triggering the requirements of § 2244(b), when an earlier filed petition has been decided on the merits and a judgment exists."  Rivers v. Guerrero, 605 U.S. 443, 459 (2025). The courts that have addressed the issue have concluded that the District Court for the Northern District of Illinois considered the merits of Gakuba's first § 2254 petition when that court denied relief in Gakuba's case.  See, e.g., Gakuba v. Att'y Gen. of Me., No. 2:23-CV-00009-GZS, 2023 WL 349328, at *1 (D. Me. Jan. 18, 2023), R&R adopted, 2023 WL 315697 (D. Me. Jan. 19, 2023).

> . . . "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  [28 U.S.C. § 2244(b)(3)(A).]  See also First Circuit Rule 22.1.  "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court."  The First Circuit has "interpreted [these provisions] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'"

Att'y Gen. of Me., 2023 WL 349328, at *1 (internal citations omitted).

The record lacks any federal appellate court order under § 2244(b) authorizing Gakuba to file a second or successive petition.  Following the well-reasoned findings and conclusions of those courts that have deemed his prior § 2254 petitions to be successive, relative to his first-in-time filing in the Northern District of Illinois, see, e.g., Md. Att'y Gen's Off., 2025 WL 2940726, at *1 (collecting cases), the district judge here should conclude that Gakuba's instant Petition (Doc. No. 1) is successive, and that this court lacks jurisdiction to consider it.

### Transfer or Dismissal

A "district court, faced with an unapproved second or successive habeas petition, must either dismiss it, or transfer it to the appropriate court of appeals," so that the appellate court can decide whether to allow Petitioner to proceed with a successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) (footnote and citation omitted).  In general, a transfer is presumptively preferable, but the presumption may be overcome if the administration of justice is better served by dismissal.  See Britell v. United States, 318 F.3d 70, 73 (1st Cir. 2003) (citing 28 U.S.C. § 1631).

There do not appear to be any exigent circumstances here suggesting that a transfer in lieu of dismissal without prejudice would serve the interests of justice.  The First Circuit previously denied Gakuba's application for leave to file a successive § 2254 petition after the District of Maine dismissed his petition there as successive.  See Gakuba v. Frey, No. 23-1084, 2024 WL 3549125, at *1 (1st Cir. Apr. 10, 2024).  Gakuba's capacity for vexatious litigation favors dismissal.  See, e.g., Md. Att'y Gen.'s Off., 2025 WL 2940726, at *3 ("Gakuba's litigation history reveals that he lacks a good-faith basis to continue filing habeas petitions, has serially abused his access to the courts, and has placed unnecessary burdens on judicial resources.").  Accordingly, the district judge here should dismiss this § 2254 Petition for lack of jurisdiction,

pursuant to 28 U.S.C. §§ 1631 & 2244(b), in lieu of a transfer.

## Certificate of Appealability

The Rules Governing Section 2254 Proceedings require the court to "issue or deny a certificate of appealability ['COA'] when it enters a final order adverse to the party."  § 2254 Rule 11(a).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).  Here, the grounds for dismissal are purely procedural, and not substantive.  Reasonable jurists would not find it debatable that the instant petition is an unauthorized "successive" petition that is subject to dismissal.  The district judge should thus decline to issue a COA here.

## Conclusion

For the foregoing reasons, the district judge should dismiss Petitioner's § 2254 Petition for lack of jurisdiction; all pending motions should be denied as moot; and the district judge should decline to issue a certificate of appealability.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

May 15, 2026
cc:    Peter Gakuba, pro se